IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| CONSESOR M. CHEATHAM, ) | |
| a/k/a "Skinny", a/k/a "Blue", ) | CRIMINAL NO. 3:2006-29-7 |
| MARISSA M. CHEATHAM, ) | |
| a/k/a "Shell", ) | |
| MAURICE R. CHEATHAM, a/k/a "Reese", ) | |
| ANDREW S. EDWARDS, a/k/a "Drew", ) | JUDGE GIBSON |
| KELLY L. HUFF, ) | |
| BRAHEEM HUGER, a/k/a "Heem", ) | |
| JENNIFER MCDADE, and ) | |
| NATHAN L. WILLS, a/k/a "Nate", ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER OF COURT**

**GIBSON, J.**

This matter comes to the Court by means of Defendant Jennifer McDade's (McDade) Pretrial Motions (Document No. 178). This document includes four separate motions made by McDade and subsequently responded to by the Government that are now ripe for decision: Motion to Dismiss the Indictment, Motion for a Bill of Particulars, Motion for Jencks Material in Advance of Trial, and Motion for "James" Hearing and for disclosure of Alleged Co-Conspirators' Statements. The Court addresses each in turn.

## Motion to Dismiss the Indictment

McDade challenges Count One of the Indictment in which she, along with seven other individuals, is charged with the offense of conspiracy as set forth in 21 U.S.C. § 846. Count I of the Indictment in the above-captioned matter reads as follows:

> The grand jury charges:
> From on or about May 4, 2004, to on or about December 6, 2005, in the Western District of Pennsylvania, the defendants, CONSESOR M. CHEATHAM, a/k/a "Skinny," a/k/a "Blue", MARISSA M. CHEATHAM, a/k/a "Shell," MAURICE R. CHEATHAM, a/k/a "Reese," ANDREW S. EDWARDS, a/k/a "Drew," KELLY L. HUFF, BRAHEEM HUGER, a/k/a "Heem," JENNIFER McDADE, and NATHAN L. WILLS, a/k/a "Nate," did knowingly, intentionally and unlawfully conspire, confederate and agree together and with one another to distribute and possess with the intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance, and five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(iii), and 841(b)(1)(B)(ii).
> In violation of Title 21, United States Code, Section 846.

Indictment (Document No. 1).[1]

21 U.S.C. § 846 reads as follows: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

McDade challenges the indictment stating: "[T]he Indictment in this case merely tracks the language of the statute charged and that the relatively long length of the alleged conspiracy and wide

---

[1] Although originally sealed by order of Magistrate Judge Pesto dated October 17, 2006 (Document No. 13), this matter was unsealed on October 25, 2006 apparently by a separate oral order of Magistrate Judge Pesto. *See* Minute Entry of October 25, 2006 (Document No. 46).

2

geographic area cited are without factual particularity." McDade's Motion, p. 3, ¶ 5. In support of her argument McDade cites to the cases of *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989) and *United States v. Eufrasio*, 935 F.2d 553 (3d Cir. 1991).

*Rankin* sets forth three requirements in order for an indictment to be legally sufficient under "Federal Rule of Criminal Procedure 7(c) and the Fifth and Sixth Amendments":

> An indictment is generally deemed sufficient if it: 1) "contains the elements of the offense intended to be charged," 2) "sufficiently apprises the defendant of what he must be prepared to meet," and 3) allows the defendant to "show [ ] with accuracy to what extent he may plead a former acquittal or conviction" in the event of a subsequent prosecution. It is equally well established that no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.

*U.S. v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)(citations and internal citations omitted). Two years later in *Eufrasio*, the Court of Appeals for the Third Circuit recognized:

> Furthermore, an indictment charging a statutory crime is sufficient if it substantially follows the language of the criminal statute, provided that its generality does not prejudice a defendant in preparing his defense nor endanger his constitutional guarantee against double jeopardy. *See United States v. Addonizio,* 451 F.2d 49, 58 n. 7 (3d Cir.1971), *cert. denied,* 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972).

*U.S. v. Eufrasio*, 935 F.2d 553, 575 (3d Cir. 1991).

Turning to a specific instance of an indictment made under 21 U.S.C. § 846, the Third Circuit in the case of *United States v. Johnstone* concluded that an indictment containing the language " [f]rom in or about January of 1985, and continuing thereafter to on or about December of 1986, in the Eastern District of Pennsylvania,...." met the requirements of "Fifth Amendment right to indictment by a grand

3

jury" in that "the indictment specified both the time frame and the geographical area of the conspiracy" and that this information along with other information set forth in the conspiracy count "was sufficient to inform Johnstone of the conspiracy charged and to enable him to plead double jeopardy in future prosecution for the same offense." *United States v. Johnstone*, 856 F.2d 539, 540, 541-542 (3d Cir. 1988). Johnstone had alleged that "the indictment did not allege his specific role in the conspiracy." *Id.* at 540.

The District of Kansas considered a similar issue of date and location plead within a conspiracy charge:

> "An indictment charging a count of conspiracy is sufficiently precise as to the time frame if the operative period of the conspiracy is set out." *United States v. Edmonson*, 962 F.2d at 1541; *see United States v. Harrison-Philpot*, 978 F.2d 1520, 1525 (9th Cir.1992) (indictment is sufficient when it places the illegal conduct "within an identifiable time frame"), *cert. denied*, 508 U.S. 929, 113 S.Ct. 2392, 124 L.Ed.2d 294 (1993). It is not necessary to specify the exact dates on which the defendants committed the alleged conspiratorial acts. *United States v. Ellender*, 947 F.2d 748, 756 (5th Cir.1991). It is enough that the defendant through discovery learns the basics of the government's conspiracy case without knowing the precise time and place of the acts constituting the alleged conspiracy. The court denies the defendant's motion for bill of particulars.

*U.S. v. Ramos*, 839 F.Supp. 781, 786 -787 (D.Kan. 1993).

Considering these precedents, the Court does not find that the indictment before it presents McDade with a vagueness that is improper. The date and location of the conspiracy in which McDade is alleged to have participated are sufficiently set forth and the dates in particular are more specific than the dates of the *Johnstone* indictment in that a specific beginning date and end date are set forth, while in *Johnstone* only a beginning and end month are set forth. The location is set forth as the district of

4

this court, a proper allegation of location according to *Johnstone* and *Ramos*. The counties encompassing this district are readily ascertainable by McDade's legal counsel. From the content of the indictment, McDade should be able to ascertain the elements of § 846 and any known facts supporting a defense thereto, such as an alibi, and also plead double jeopardy, if it is available; the presence of these matters establishes the indictment's sufficiency. *See Hamling v. U.S.*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 620-621 (1974). The charge of conspiracy against McDade otherwise sets forth the elements of § 841 that concern the illegal substances allegedly conspired to be sold in compliance with *Rankin, supra*. Therefore, the Court does not detect any potential difficulty for McDade in defending against the charge set forth in Count One of the Indictment. Accordingly, the Motion to Dismiss Indictment is denied.

In light of the necessary specificity that McDade claims is lacking, but must nevertheless defend against because of this ruling, McDade has available to her the opportunity to request an order from this Court for a bill of particulars and ,as set forth below, she has concurrently afforded herself of that opportunity to make such a motion.

## Motion for Bill of Particulars

Federal Rule of Criminal Procedure 7(f) enables the Court to order a bill of particulars: "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within ten days after arraignment or at a later time if the court permits. "The government may amend a bill of particulars subject to such conditions as justice requires." FED.R.CRIM.P. 7(f).

5

McDade seeks the following to "prepare a defense":

> More exact dates and information concerning coconspirators including date, time and place when the conspiracy began; information of any overt acts committed by the defendant in furtherance of the conspiracy; the names, addresses and phone numbers of all persons present during any acts committed by the defendant or who were coconspirators or involved with any continuing criminal enterprise with the defendant, and their criminal history records.

McDade's Motion, pp. 3-4. Despite the Government's argument as to the sufficiency of the indictment and that said sufficiency obviates the need for ordering a bill of particulars, *see* Government's Response (Document No. 201), p. 5, this argument is incorrect.

> "The sufficiency of the indictment or information is irrelevant in determining whether to order a bill of particulars. If the indictment or information is insufficient, it must be dismissed, and cannot be saved by a bill of particulars. The fact that it is sufficient is not an argument against granting the bill."1 Charles Alan Wright, Federal Practice and Procedure (Criminal), § 129, (1999)(footnotes omitted). The purpose and function of a bill of particulars is to provide the defendant with details of the charges against him in addition to those details previously set forth in the several counts of the indictment.

*U. S. v. Addonizio*, 313 F.Supp. 486, 501 (D.N.J. 1970).

> "The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Tucker*, 262 F.Supp. 305, 308 (S.D.N.Y.1966). A bill of particulars should fulfill this function "when the indictment itself is too vague and indefinite for such purposes." *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). *Accord, Wyatt v. United States*, 388 F.2d 395, 397 (10th Cir. 1968).

*U.S. v. Addonizio*, 451 F.2d 49, 63 -64 (3d Cir. 1971). "Only where an indictment fails to perform these functions, and thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial[,]' will we find that a bill of particulars should have been issued."

6

*U.S. v. Urban*, 404 F.3d 754, 771 -772 (3d Cir. 2005)(internal citations omitted).

Speaking as to the then-recent 1966 amendment to Rule 7 regarding the prerequisite "cause" for an order of a bill of particulars, the Third Circuit noted that:

> This liberalization has, out of practical necessity, been limited in some important respects, however. It is still firmly established, for example, that a defendant is entitled neither to a wholesale discovery of the Government's evidence, *United States v. Birrell*, 263 F.Supp. 113, (S.D.N.Y.1967), nor to a list of the Government's prospective witnesses, *United States v. Jaskiewicz, supra*; *United States v. Palmisano*, 273 F.Supp. 750 (E.D.Pa.1967).[16] In the final analysis then, the granting of a bill of particulars remains a discretionary matter with the trial court, and it is still "obviously a matter of degree how far an accused must be advised in advance of the details of the evidence that will be produced against him, and no definite rules are possible." *United States v. Russo*, 260 F.2d 849, 850 (2nd Cir. 1958).

*U.S. v. Addonizio* 451 F.2d 49, 64 (3d Cir. 1971)(footnote omitted).

With this in mind, the Court denies McDade's request for a bill of particulars as to "the names addresses and phone numbers" of witnesses to McDade's alleged conspiratorial acts or her co-conspirators inasmuch as these persons are prospective Government witnesses. To the extent that McDade is seeking discovery of the identities of witnesses to the criminal acts alleged who may *not* be called by the Government, such a discovery request is improper use of a bill of particulars. *See U.S. v. Smith*, 776 F.2d 1104, 1111(3d Cir. 1985)(recognizing that discovery is not a proper purpose of a bill of particulars and that a bill "is not intended to provide the defendant with the fruits of the government's investigation.") A request for the criminal record of a Government witness is also not a proper use of a bill of particulars. *United States v. Frumento*, 405 F.Supp. 23, 32 (D.N.J. 1975). To this extent, the motion is also denied. In light of the fact that a bill of particulars is not to be used as a method of discovery, the Court also finds that it cannot be used to require the Government to produce

7

criminal records for individuals who are *not* going to be called as a Government witness, even if this Court had ordered the production of such witnesses' identities.

McDade's request for a bill of particulars describing "information of any overt acts...." is also denied. "[A] request for the "when, where and how" of any overt acts not alleged in the indictment is tantamount to a request for "wholesale discovery of the Government's evidence," which is not the purpose of a bill of particulars...." *U.S. v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975).

McDade's request for the "date, time and place when the conspiracy began" also will be denied. A defendant charged with conspiracy cannot use a bill of particulars to obtain the "exact date" he entered into the conspiracy. *United States v. DiCesare*, 765 F.2d 890, 897-898 (9th Cir. 1985); *United States v. Urso*, 369 F.Supp.2d 254, 272 (E.D.N.Y. 2005). It appears that a revelation of the time and place of the commencement of a conspiracy would also be an improper discovery request. The Motion for a Bill of Particulars is denied.

## Motion for Jencks Material in Advance of Trial

McDade requests that the Court order further discovery pursuant to Federal Rules of Criminal Procedure 6, 7, 12 and 16, the Jencks Act, *see* 18 U.S.C. § 3500, and "the inherent powers of this Court". McDade's Motion, ¶ 7. In her request, McDade recognizes that early production of Jencks material cannot be required by the Court, *id.* at ¶ 8, but seeks its production "[i]n the interests of due process of law, effective assistance of counsel, and fair and efficient conduct of trial...." *Id.* at ¶ 9. McDade claims that despite a review of the discovery already produced by the Government, she is unable to determine how the illegal substances that were possessed and distributed by her co-defendants relate to any of her actions and therefore seeks further discovery in an effort to determine if further

pretrial motions, such as motion to suppress or sever, are necessary and to "provide effective representation." *Id.* at ¶¶ 10, 11. In addition to early disclosure of Jencks material, McDade seeks an order of court preservation and production of matters not encompassed by the Jencks act, but that are statements of Government witnesses or informants made to any Government agents or attorneys along with "rough notes, memoranda and/or reports of interviews by any government agent...." McDade's Motion, ¶ 12. The Government opposes early production of Jencks material, but indicates that it will produce said material three days prior to trial and will otherwise preserve the "rough notes", notes of interviews and "communications" that "may...be needed by the defendant for impeachment or as exculpatory evidence" that are "within its possession, custody or control." Government's Response, p. 16. The Government makes further arguments with respect to the requests, which the Court substantially agrees with save for any exceptions addressed as follows.

The Government is correct that Federal Rules of Criminal Procedure 6 and 7 do not relate to discovery. *See* Government's Response, p. 12. The Court also agrees that McDade, who has already received discovery from the Government pursuant to Rule 16 and Local Rule 16.1, has failed to follow the procedure outlined in Local Criminal Rule of Court 16.1 (C) & (D) which requires a party to "confer with opposing counsel" regarding an additional discovery request and if an agreement as to the request is not reached, the requesting party must file a statement with her "motion for additional discovery or inspection" indicating that an agreement on the discovery request could not be reached between the parties. However, the Government appears to be incorrect as to its belief that Rule 12 is irrelevant to discovery.

Federal Rule of Criminal Procedure 12(b)(4)(B)[2] reads: "At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(c), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." The Court recognizes that the Government has indicated it has complied with "its obligation under Rule 16", Government's Response, p. 13, but McDade indicates in paragraph 10 of her motion that she is unable to otherwise determine how the evidence implicates her which in turn causes her to be unable to determine if a suppression or severance motion is necessary. While rarely used by practitioners before this Court, Rule 12(b)(4)(B) requires notice to be given by the Government to facilitate the filing of a defendant's suppression motion, but it says nothing of severance. The Court interprets paragraph 10 of McDade's motion as requesting notice pursuant to Rule 12(b)(4)(B). The notice required by the language of the rule is notice of what, if any, of the Rule 16 evidence that a defendant is entitled to receive will be used at trial; evidence that is not subject to Rule 16 disclosure, is not subject to the notice requirement of Rule 12(b)(4)(B). *United States v. Fischbach and Moore, Inc.*, 576 F.Supp. 1384, 1396-1397 (W.D.Pa. 1983)(discussing Federal Rule of Criminal Procedure 12(d)(2), now Federal Rule of Criminal Procedure 12(b)(4)(B)). It should also be noted that when the Government has an open file policy with regard to its prosecution, this policy does not comply with Rule 12(b)(4)(B) "because it does not specify which evidence the government intends to use at trial." *United States v. de la Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir. 1995)(citing *United States v. Brock*, 863 F.Supp. 851, 868 (E.D.Wis.

---

[2]The content of this subsection was previously located in subsection (d)(2) until the 2002 amendments to Rule 12. FED.R.CRIM.P. 12 advisory committee note.

1994)). The Government must provide the notice required under Federal Rule of Criminal Procedure 12(b)(4)(B).

As for McDade's request for early disclosure of Jencks material, the Court cannot compel disclosure of this material prior to the completion of a Government witness' direct testimony, *see United States v. Hill*, 976 F.3d 132, 139-140 (3d Cir. 1992), but notes that in the operative amended pretrial order for this case that the Court has encouraged the Government to provide Jencks material by Thursday, August 16, 2007 with jury selection and trial scheduled to begin Monday August 20, 2007. Prior to the conclusion of a witness' trial testimony, a defendant cannot compel disclosure of Jencks material unless its production is required in order to comply with Federal Rule of Criminal Procedure 26.2(g) which provides for pretrial production of Jencks material only for detention, preliminary, and suppression hearings. *See United States v. Cummings*, 400 F.Supp.2d 822, 829-830 (W.D.Pa. 2005).

Finally, the Government has indicated that it will preserve any "communications within its possession, custody, or control", as well as "agents' rough notes", but opposes production of the rough notes unless it knows of their "intended use." Government's Response, pp. 16-17. McDade's request for these matters is based upon a need "for impeachment or...exculpatory evidence." McDade's Motion, ¶ 12. Clearly the Government has a continuing obligation to supplement the discovery it has produced under Rule 16, *see* FED.R.CRIM.P. 16(c), as well as obligations pursuant to *Brady*[3], *Giglio*[4],

---

[3] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[4] *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

11

and the Jencks Act which it may not ignore.

This Court in *United States v. Giardina*, Criminal No. 3:2004-29, 2005 WL 3088441 at * 3-4, 2005 U.S. Dist.LEXIS, 28374 at *8-11 (W.D.Pa. November 17, 2005)(Gibson J.), ordered production of agents' rough notes and draft reports for *in camera* inspection to determine if they should be produced to Giardina pursuant to the Jencks Act or *Brady*. Consistent with that reasoning which was based on the Third Circuit precedent of *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977)(requiring preservation and production to the court of "rough interview notes" for evaluation under Jencks and *Brady*) and *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983)(requiring *in camera* inspection of "rough notes" and "drafts of reports of [Government] agents" should a defendant move for their production) and in light of McDade's request "[t]hat the court order the preservation and availability of rough notes, memoranda and/or reports of interview by any government agent....", the Court will order the Government to produce any rough notes or drafts of reports from any of its agents for *in camera* review for a determination of whether they shall be ordered to be produced in accordance with the Jencks Act (and the Jencks timeframe), *Brady or Giglio*.

Therefore, McDade's Motion for Jencks Material in Advance of Trial is granted in part as to the notice McDade seeks from the Government pursuant to Rule 12(b)(4)(B) and as to the preservation of "communications" and "rough notes", *see* McDade's Motion, ¶ 12, the *in camera* review of "rough notes" and drafts of reports and denied in part as to the remainder of the motion.

## Motion for "James" Hearing and for Disclosure of Alleged Co-conspirators' Statements

McDade has requested that the Court order a *James* hearing in "anticipat[ion] that the government may seek to introduce alleged co-conspirators' statements into evidence under the

12

provisions of Federal Rule of Evidence 801(d)(2)(E)."[5] McDade's Motion, p. 6. In support of this request McDade argues that it is "[i]n the interest of making an accurate determination of admissibility, and of reducing the possibility of prejudice and mistrial caused by inadmissible evidence coming before the jury...." *Id.* McDade further requests that the Government produce all co-conspirator statements as they are argued to be "discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A)." *Id.* at p. 7.

The Government opposes the ordering of a *James* hearing and cites *United States v. Continental Group, Inc.*, 603 F.2d 444, 457 (3d Cir. 1979) noting that it "is not custom in this jurisdiction." Government's Response, p. 17. The Government expresses a concern that such a hearing would turn into a "mini-trial" *Id.* The Government further opposes full production of co-conspirator's statements unless they are *Brady* material. *Id.* at pp. 20-21.

In the Government's response, it cites to this Court's unpublished opinion in *United States v. Giardina*, 2005 WL 3088441, 2005 U.S. Dist.LEXIS, 28374 (W.D.Pa. Nov. 17, 2005) wherein this Court concluded that a *James* hearing was necessary and ordered such a hearing. The Government further cites to the Court's ruling in *United States v. Solomon*, 2007 WL 927961, 2007 U.S.Dist.LEXIS 21433 (W.D.Pa. March 26, 2007) in which Judge McVerry of this Court cited to *Giardina* in comparison to the matter before him and in support of his conclusion for denying a request for a *James* hearing.

---

[5] Federal Rule of Evidence 801(d)(2)(E) reads: "A statement is not hearsay if– (2)The statement is offered against a party and is (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish...the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E)."

The Court notes that the notion of a *James* hearing originates from the case of *United States v. James*, 576 F.2d 1121 (5th Cir. 1978) *modified en banc*, 590 F.2d 575 (5th Cir. 1979). In *James*, a Fifth Circuit panel required that any co-conspirator statements sought to be admitted under F.R.E. 801(d)(2)(E) first be evaluated by the trial judge in a hearing pursuant to F.R.E. 104(c) outside of the presence of the jury. *James* at 1132. The Fifth Circuit *en banc* reconsidered this matter (without discussing the need for a hearing without a jury) and concluded that F.R.E. 104(a) required a trial judge to "make the determination of the admissibility of the evidence" and that a certain order of proof was preferred to avoid any mistrial or other difficulties inherent in "connecting-up" evidence of a conspiracy that was presented to the jury after the co-conspirator's statement had been admitted into evidence. *James*, 590 F.2d at 580, 581-582. A separate Fifth Circuit panel subsequently recognized the practice of conducting a *James* hearing outside of the presence of the jury was not a disallowed practice, but one still utilized by trial judges in that circuit in the proceeding years after the *en banc James* decision. *See U.S. v. Ricks*, 639 F.2d 1305, 1309-1310 (5th Cir. 1981).

The Court respectfully notes for the record that Judge McVerry's recognition that this Court held a *James* hearing in *Giardina* is incorrect. Although the hearing was ordered scheduled, it was never conducted in light of the Government's last minute stipulation that no co-conspirator statements would be used against Giardina. *U.S. v. Giardina*, Criminal Docket No. 3:2004-29, Document Nos. 47, 48, 49.

Despite the eventual cancellation of the *James* hearing in Giardina, the Court originally ordered it scheduled after considering three factors. The Court concluded that conducting a pretrial hearing pursuant to F.R.E. 104(a) on the admission of co-conspirator statements would be beneficial because

14

the parties would not be confined to the Federal Rules of Evidence, that a pretrial hearing would not be a "mini-trial" because Giardina was the only defendant in the matter and had only two charges against him, neither of which was a conspiracy charge, and the "potential for a mistrial [was] great" should the Government not "connect up" the co-conspirator statements to the evidence of a conspiracy and the fact that the statements were made pursuant to the conspiracy. *Giardina* at *2-3, 2005 U.S. Dist.LEXIS 28374 at *7-8.

Guiding our analysis in *Giardina* was the Third Circuit case of *United States v. Ammar,* 714 F.2d 238 (3d Cir. 1983). *Ammar* notes that it is not an abuse of discretion for a trial court in a "complex conspiracy case involving multiple defendants and a 'large amount of interrelated testimony'" to permit introduction of co-conspirator statements subject to later connecting up by the Government, but that such a "procedure...should be 'carefully considered and sparingly utilized'". *U.S. v. Ammar*, 714 F.2d 238, 247 (3d Cir. 1983)(citation omitted). The Government seemingly prefers this method rather than conducting a pre-trial hearing. Government's Response, p. 20. "We note that "the order of proof at trial is a matter committed to the discretion of the trial judge." *United States v. Continental Group*, 603 F.2d 444, 456 (3d Cir. 1979).

The Court agrees with the Government that in light of the fact that this matter concerns eight co-conspirators, including the Defendant, and spans a time period from May 4, 2004 through December 6, 2005, and involves seventeen separate counts within the indictment, a pretrial hearing will most certainly turn into a "mini-trial." Establishing the existence of the conspiracy and the nature of statements made by the various defendants in the conspiracy that are sought to be introduced against McDade will be involved. However, these matters will be reviewed again in the course of trial and

15

judicial economy would seem to favor the absence of duplication of the parties' efforts before the Court. The concurrent negative result of presenting this issue in the first instance at trial is the possibility of the failure to connect up all the evidence of the co-conspirator's statements to the evidence of the conspiracy. The Court agrees with the Government that the potential for mistrial always exists with conditional admission of evidence as well as the fact that a pretrial hearing will always permit the parties to address the admissibility of co-conspirator statements without being constricted by the Federal Rules of Evidence. Government's Response, p. 20. The latter issue of applicability of the Federal Rules of Evidence merits a brief discussion.

It is of no concern for the Court whether the Government wishes to attempt to admit the co-conspirator statements subject to the Federal Rules of Evidence or not; to the extent this was presented in *Giardina* as a factor mandating a pretrial hearing in evidentiary circumstances regarding F.R.E. 801(d)(2)(E), the Court hereby clarifies that analysis. In truth, it was an observation regarding the preference of a pretrial hearing for questions of admissibility of co-conspirator statements, as the Court remarked "the Court recognizes that the parties can actually benefit from being outside the strictures of the federal Rules of Evidence in a Rule 104(a) hearing...." *Giardina* at * 2. If the Government opposes the conducting of a Rule 104(a) hearing in an attempt to avoid a mini-trial and otherwise avoid "showing its hand" with regard to its witness list and testimony, it may take such a stance without offending F.R.E. 801(d)(2)(E) and the Court recognizes that under the circumstances of the case *sub judice*, the absence of a pretrial Rule 104(a) is within its discretion. Nevertheless, the Government proceeds to trial with the risk of mistrial should its foundational proof necessary for admitting a co-conspirator's statement be found inadmissible in a motion *in limine* or subject to a sustained objection

16

from a defendant that could preclude the foundational evidence's admission during trial.

As for the former issue regarding the potential for mistrial, the Government is correct that it will always exist with an instance of conditional relevancy and the potential would appear to be greater with a larger conspiracy and more criminal charges. In light of the complexity and breadth of the alleged conspiracy, the Court will not order a pretrial hearing and will permit the Government to admit co-conspirator statements as conditionally relevant and subject to "connecting up" with the necessary foundational evidence pursuant to F.R.E. 801(d)(2)(E). McDade may move for a directed verdict and a mistrial simultaneously at the conclusion of the Government's case-in-chief should it not prove with "independent evidence... *the existence of the conspiracy alleged* and connect[] the declarant and the defendant to it", and may otherwise move for a mistrial at the conclusion of the Government's case-in-chief should it not prove the fact that the alleged co-conspirator statements were "made in furtherance of" and "during the course of the conspiracy." *See Ammar* at 245.

Finally, McDade requested discovery of all of the co-conspirator's statements meeting the requirements of F.R.E. 801(d)(2)(E) arguing that "after the proper foundation is laid, [the statements are] admissible against the defendant as if it were the defendant's own utterance, [and] such statements should be discoverable under Federal Rule of Criminal Procedure 16(a)(1)(A)." McDade's Motion, pp. 6-7. The Government opposes such production indicating that it need not produce such statements "unless such statements contain *Brady* material. *Solomon* at *3." Government's Response, pp. 20-21. Accordingly, the Government indicates that it had complied with the dictates of *Brady*. *Id.* at 21.

District courts of the Third Circuit have consistently held that Rule 16 does not provide for the

17

discovery of a co-conspirator's statement. *See United States v. Giampa*, 904 F.Supp. 235, 285 (D.N.J. 1995) *aff'd without opinion*, 107 F.3d 9 (3d Cir. 1997); *United States v. Eisenberg*, 773 F.Supp. 662, 680-682 (D.N.J. 1991); *United States v. Beldsoe*, 2006 WL 3098770 at *2, 2006 U.S. Dist.LEXIS 78898 at *5-6 (W.D.Pa. Oct. 30, 2006)(Cercone J.); *United States v. Mais*, 2006 WL 3308429 at * 2, 2006 U.S. Dist.LEXIS 81486 at *6-7 (W.D.Pa. Oct. 30, 2006)(Cercone J.); *United States v. Breslin*, 1996 WL 622778 at *1, 1996 U.S.Dist. LEXIS 15985 at *1-4 (E.D.Pa. Oct. 29, 1996)(Broderick, J.). The Court agrees with these courts and finds that Rule 16 does not provide for the Government's production of a co-conspirator's statements to a defendant because such statements are not the defendant's own statement under Rule 16(a)(1)(A) despite the fact that F.R.E. 801(d)(2)(E) would impute such non-hearsay statements to a defendant.

McDade's motion for *James* Hearing and for disclosure of alleged co-conspirators' statements is therefore denied.

An appropriate Order follows.

**AND NOW**, this 16th day of August, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Defendant Jennifer McDade's Pretrial Motions (Document No. 178) are GRANTED IN PART as to her Motion for Jencks Material in Advance of Trial and the Government shall provide notice to the defendant pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B) on or before September 6, 2007 and the Government shall preserve all communications and rough notes in its possession as stipulated by it in its response to the Defendant's motion and also produce to the Court for *in camera* inspection on or before September 6, 2007 all rough notes and draft reports of the investigating law enforcement personnel assigned to this investigation for a determination as to any necessary production to the defendant pursuant to the Jencks Act, *Brady v. Maryland* or *Giglio v. United States*; DENIED IN PART as to the remainder of the Defendant's Motion for Jencks Material in Advance of Trial; and DENIED IN PART as to the entirety of the Defendant's Motion to Dismiss Indictment, Motion for Bill of Particulars and Motion for "James" Hearing and for Disclosure of Alleged Co-conspirators' Statements.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**