# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:2006-29 |
| ) | |
| CONSESOR M. CHEATHAM, ) | |
| a/k/a "Skinny", a/k/a "Blue", ) | |
| MARISSA M. CHEATHAM, a/k/a "Shell", ) | |
| MAURICE R. CHEATHAM, a/k/a "Reese",) | |
| ANDREW S. EDWARDS, a/k/a "Drew", ) | |
| KELLY L. HUFF, ) | |
| BRAHEEM HUGER, a/k/a "Heem", ) | |
| JENNIFER MCDADE, ) | |
| NATHAN L. WILLS, a/k/a "Nate", ) | |
| ) | JUDGE GIBSON |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Government's Motion to Disqualify Counsel (Document No. 320) wherein the Government claims that Defendant McDade's current counsel, Arthur T. McQuillan, Esquire, has a conflict of interest that precludes his further representation of McDade. Specifically, the Government notes that Attorney McQuillan's partner, Attorney Robert D. Gleason has previously represented a proposed government witness in a criminal plea of guilty and sentence in the Court of Common Pleas of Cambria County, Pennsylvania. *See* Motion generally.

Attorney Gleason represented Jeremy Paul Johnson from 2004 through 2005 and during such time Johnson plead guilty on October 25, 2005 and was sentenced on December 16, 2005 to a term of eighteen to forty-eight months in the Cambria County Jail with a period of thirty-six months probation

to be served consecutive to the term of incarceration for a charge of statutory sexual assault, a violation of 18 Pa.C.S.A. § 3122.1. *See* Docket Sheet for CP-11-CR-0002214-2004 at http://ujsportal.pacourts.us/WebDocketSheets/CPMunicipalDocket.aspx?mode=cp (input "11-CR-0002214-2004" in the docket number field and click "search"). It is clear from this docket that two other attorneys have represented Johnson since his sentencing on matters related to petitions for work release.

The Court notes that Attorney McQuillan was appointed to represent McDade by Magistrate Judge Pesto on October 27, 2006 and is not privately retained.

The parties are correct that the Sixth Amendment right to counsel is implicated in this situation. The Sixth Amendment guarantees legal representation in criminal matters to ensure that the criminal defendant has "an effective advocate...rather than to ensure that a defendant will inexorably be represented by the lawyer who he prefers." *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct.1692, 1697, 100 L.Ed.2d 140, 148 (1988). Additionally, by operation of Local Rule 83.3.1(B), the Pennsylvania Rules of Professional Conduct, with the exception of Rule 3.10, are adopted as the controlling ethical rules for practitioners in this court such as Attorney McQuillan.

The Government asserts that a conflict of interest will present itself to Attorney McQuillan because, as a partner of the firm that previously represented Johnson, he will be required to confront Johnson as an adversarial witness on behalf of his current client McDade and that essentially the competing loyalties between the clients will work to McDade's disadvantage. Government's Motion, pp. 1-2, 6. Attorney McQuillan disagrees and argues that Johnson is not a conspirator (indicted or un-indicted) in this matter, his conviction is of public record, Johnson's conviction is "unrelated" to the

2

alleged conspiracy, and Attorney McQuillan's firm no longer represents Johnson, Attorney McQuillan lacked knowledge of Attorney Gleason's representation of Johnson until yesterday, January 30, 2008, lacked any knowledge of Johnson acquired through representation of him that could be used to Johnson's "disadvantage" and that McDade waives any potential conflict. McDade's Response (Document No. 325), pp.1-6. Attorney McQuillan relies upon Rule of Professional Conduct 1.9, case law surrounding Rule 1.9 and related conflict of interest issues and an affidavit from Attorney Gleason explaining his representation of Johnson and Attorney McQuillan's lack of involvement with Johnson's representation. *Id.* ; Gleason Affidavit (Document No. 325-2). However, our concerns with Attorney McQuillan and his relation to Johnson come from the Imputation of Conflicts of Interest: General Rule at Rule 1.10, which reads in pertinent part: "(a) While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 and 1.9,...." It also states that a disqualification under Rule 1.10 can be waived in accord with Rule 1.7. Pennsylvania Rule of Professional Conduct 1.10(d). The Court begins with Rule 1.9.

The Court respects the analysis presented by Attorney McQuillan concerning Rule of Professional Conduct 1.9 itself, which reads:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

3

> (1) whose interests are materially adverse to that person; and
>
> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;
>
> unless the former client gives informed consent.
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

Pennsylvania Rule of Professional Conduct 1.9. The Court believes that it is quite possible for Attorney McQuillan to fulfill the duties to his former client under Rule 1.9 imputed to him by Rule 1.10, by his compliance with section (c) of Rule 1.9. Johnson's conviction, its date, the statutory charge and sentence are certainly facts that are a matter of public record and such facts are the extent to which any cross-examination of Johnson could concern the 2006 conviction under Federal Rule of Evidence 609(a)(1) if permitted by the Court.

Proceeding to Rule 1.7, neither party has addressed this rule and this presents the ethical difficulty for Attorney McQuillan. Rule 1.7 reads:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be

4

> materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> > (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> >
> > (2) the representation is not prohibited by law;
> >
> > (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> >
> > (4) each affected client gives informed consent.

Pennsylvania Rule of Professional Conduct 1.7. Attorney Gleason's representation of Johnson is imputed to Attorney McQuillan by Rule 1.10 and Attorney McQuillan is, as a result, required to provide loyalties to Johnson as a former client as well as to McDade, the current client. Attorney McQuillan may meet the first three requirements of the exception in subsection (b), but we only know of McDade's consent to the representation. Johnson's position is unknown.

Assuming the existence of informed consent by McDade and Johnson as to the conflict of interest, this Court, in accordance with *Wheat* at 160, 108 S.Ct.1692, 1698, 100 L.Ed.2d 140 , "[has] an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat* concerned a joint representation of three co-conspirators, whereas the case *sub judice* concerns the cross-examination of a government witness whom Attorney McQuillan is imputed to have represented.

5

In *United States v. Mascony*, 927 F.2d 742, 750 (3d Cir. 1991), the Court of Appeals for the Third Circuit recognized that "[c]onflicts of interest arise whenever an attorney's loyalties are divided,...and an attorney who cross-examines former clients inherently encounters divided loyalties...." In the absence of knowledge by Attorney McQuillan of Johnson, Attorney McQuillan will be expected to cross-examine Johnson in a manner which is sufficient to provide McDade adequate representation under the Sixth Amendment, but in doing so Attorney Gleason's representation and knowledge of Johnson is still imputed to him and Johnson's expectation of a duty of loyalty from his former attorney would be violated especially when he is still serving the sentence for which Attorney Gleason represented him. If Attorney McQuillan would decide not to question Johnson, this could be interpreted as his decision to prefer Johnson's loyalties over his required loyalties to McDade. The only circumstance under which the issue of whether McDade's rights were not violated by reason of Attorney McQuillan's inherently divided loyalties is if the jury acquitted McDade; proceeding through a jury trial awaiting to see if the jury could cleanse the taint of divided loyalties by voting for acquittal is an ethically dangerous, time consuming and costly process for everyone involved and need not be considered as an option. *See Wheat* at 162-163, 108 S.Ct. 1692, 1699, 100 L.Ed.2d 140, 151 (exploring the need for trial courts to decide issues of conflict prior to trial).

The Third Circuit in *Mascony* describes the duty of a court in ensuring the absence of conflicts despite any waiver:

> Usually, the various rights and duties of the attorney clash when a defendant seeks to waive his right to conflict-free representation in circumstances in which the counsel of his choice may have divided loyalties due to concurrent or prior representation of another client who is a co-defendant, a co-conspirator, or a government

6

> witness. Such a waiver, however, does not necessarily resolve the matter, for the trial court has an institutional interest in protecting the truth-seeking function of the proceedings over which it is presiding by considering whether the defendant has effective assistance of counsel, regardless of any proffered waiver. Moreover, to protect the critically important candor that must exist between client and attorney, and to engender respect for the court in general, the trial court may enforce the ethical rules governing the legal profession with respect both to client-attorney communications and to conflict-free representation, again regardless of any purported waiver. Finally, the court has an independent interest in protecting a fairly-rendered verdict from trial tactics that may be designed to generate issues on appeal.

*U.S. v. Moscony*, 927 F.2d 742, 749 (3d Cir. 1991)(footnote omitted). To ensure that the duty of loyalty owed to Johnson by Attorney Gleason is not tainted by a vigorous defense of McDade and to ensure that a possible Government conviction of McDade is not subject to possible appeals based upon a charge of ethical violations by Attorney McQuillan, the sound decision on this issue rests with disqualification of Attorney McQuillan from this matter and a subsequent reappointment of another attorney to represent McDade. Although it is arguable whether there is an actual conflict under the present circumstances at this time, the eventual cross-examination of Johnson would present such a conflict at that time and the Court need not wait for this to occur: "[a] district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat* at 163, 108 S.Ct. 1692, 1699, 100 L.Ed.2d 40, 163.

The Court is aware that this action will once again delay the trial of McDade and that McDade will continue to suffer an unemployment issue because the present allegation has been outstanding since completion of her schooling. However, McDade's unemployment could reasonably remain an issue

7

should this conflict of interest, even if waived by both Johnson and McDade, not be resolved by the court by disqualification of Attorney McQuillan as it could result in an appeal issue that would reqire careful consideration by an appellate counsel or the Third Circuit in the event of a conviction of McDade. If such an appeal was successful, a retrial would again loom over McDade delaying further possible employment opportunities for a period of time much longer than the time involved in assigning new counsel and proceeding to trial in a trial term a few months from now.

**AND NOW**, this 1st day of February, 2008, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Government's Motion to Disqualify Counsel (Document No. 320) is GRANTED;

IT IS FURTHER ORDERED THAT Attorney Arthur T. McQuillan is disqualified and removed from representation of Defendant McDade and that another counsel shall be appointed for Defendant McDade.

IT IS FURTHER ORDERED THAT the jury selection and trial in this matter, currently scheduled to begin on February 4, 2008 is CONTINUED GENERALLY until the June 2008 trial term on the Court's motion pursuant to 18 U.S.C. § 3161(h)(8)(A) with said continuance considered excluded time pursuant to the Speedy Trial Act, as the Court specifically finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the Defendant to a Speedy Trial, 18 U.S.C. § 3161(h)(8)(A), since the failure to grant such continuance would result in a miscarriage of justice 18 U.S.C. § 3161(h)(8)(B)(i) and failure to grant the continuance would deny

Defendant McDade reasonable time to have new counsel appointed and unreasonably deny the newly appointed counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv).

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE