**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| CONSESOR M. CHEATHAM, | ) |
| a/k/a "Skinny", a/k/a "Blue", | ) CRIMINAL NO. 3:2006-29-7 |
| MARISSA M. CHEATHAM, | ) |
| a/k/a "Shell", | ) |
| MAURICE R. CHEATHAM, a/k/a "Reese", ) |
| ANDREW S. EDWARDS, a/k/a "Drew", | ) JUDGE GIBSON |
| KELLY L. HUFF, | ) |
| BRAHEEM HUGER, a/k/a "Heem", | ) |
| JENNIFER MCDADE, and | ) |
| NATHAN L. WILLS, a/k/a "Nate", | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION and ORDER

**GIBSON, J.**

In the Court's ruling set forth in its Memorandum Opinion and Order of Court (Document No. 329), this Court granted the Defendant's Supplemental Motion *in Limine*, Defendant's Objections to Notice of 404(b) Evidence (Document No. 314) and excluded the Government's proposed evidence submitted pursuant to Federal Rule of Evidence 404(b) sought to be introduced at the trial of Defendant McDade. The Court required the Government to explain why its proposed Rule 404(b) evidence should be admitted or it would otherwise be excluded at the time of trial. The Government has provided that explanation with its Notice of Intention to Use Rule 404(b) Evidence filed at Document Number 398. The Court analyzes the admissibility of that proposed Rule 404(b) evidence to the extent possible at this juncture.

Federal Rule of Evidence 404(b) provides:

**(b) Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Government provides four areas of evidence sought to be introduced at the time of trial: 1) McDade's storage, usage and selling of marijuana during the time period of the conspiracy at her home at 1070 Jacoby Street, Johnstown, Pennsylvania; 2) McDade's introduction of one of her co-conspirators to a heroin supplier and her acts in aiding the sale of heroin between the two during the same time period of the charged conspiracy; 3) the discovery of cocaine and heroin buried on her property; and 4) Defendant McDade's alleged attempt to strike one of her co-conspirators (who was accompanied by a six year old cousin) with her vehicle allegedly because the co-conspirator was a "snitch". Government's Notice, pp. 3-4.

First, the Government argues that these four areas of proposed evidence are in fact intrinsic to the conspiracy McDade is charged with and need not qualify under the applicable analysis for Rule 404(b). Despite the absence of guidance from the Court of Appeals for the Third Circuit, Judge Lee of this Court has previously applied the extrinsic/intrinsic dynamic with proposed Rule 404(b) evidence:

The distinction between evidence of "intrinsic" acts and evidence of "extrinsic" acts is crucial and sometimes subtle. Rule 404(b) only applies to evidence of acts extrinsic to the charged crime. Conversely, acts intrinsic to the crimes charged are not excludable under 404(b). An uncharged act may not be extrinsic if: (1) The act was part of the scheme for which a defendant is being prosecuted; or (2) The act was "inextricably intertwined with the charged crime such that a witness' testimony 'would have been confusing and incomplete without mention of the prior act.' "

*United States v. Conley*, 878 F.Supp. 751, 754 (W.D.Pa.,1994)(internal and external quotations omitted). In following this analysis, the Court finds the Government's explanation as to the four areas of proffered evidence justifies considering all of this evidence as extrinsic. McDade is charged as a co-conspirator in the possession and distribution of more than fifty grams of "crack" cocaine and more than 500 grams of powder cocaine. The Government believes McDade played the role "of a "paid facilitator" providing a contact for the source of the controlled substances and a location of residence and sale of those substances to the conspiracy's leader. Governments' Notice, p. 7. The only acts that relate to distribution of crack or powder cocaine is the presence of buried cocaine in McDade's lawn. The Government would have to demonstrate that McDade was aware of the presence of this cocaine buried in her lawn to offer it as intrinsic to the conspiracy charged. Otherwise, the remaining evidence does not by its nature demonstrate that it was intrinsic to the crime charged, especially as it seems the only thing connecting McDade's involvement with marijuana and the introduction of the heroin dealer and aiding the distribution of heroin with the charged conspiracy is a similar timeframe. As for the alleged attempt at striking a co-conspirator and her cousin with a vehicle, this evidence is clearly not part of the conspiracy as co-conspirators are alleged to be at odds at a time when the Government has been aided by one of them and in Judge Lee's words, it is not " intertwined" with the conspiracy such that explanation of the conspiracy "would have been confusing and incomplete without mention of the prior act." *Conley, supra*. If the act did in fact happen, the motivation could just as easily stem from McDade's frustration from being falsely accused. Therefore, it is necessary to evaluate the admissibility of these four areas pursuant to Rule 404(b).

As the Court cited in its previous opinion on this issue, a four part test must be satisfied for

3

evidence proffered under Rule 404(b) to be admitted: "(1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the [district] court must charge the jury to consider the evidence only for the limited purposes for which it was admitted." *Becker v. ARCO Chemical Co.*, 207 F.3d 176, 189 (3d Cir. 2000)(citations omitted); *see also United States v. Lopez*, 340 F.3d 169, 173 (3d Cir. 2003). Each of the four areas of evidence is addressed in turn.

First, the Government proffers evidence that "Ms. McDade actively stored, used, and sold marijuana at her residence at 1070 Jacoby Street" and "[e]vidence that [McDade] was herself personally using her residence during the time frame of the charged conspiracy to store, use and sell marijuana establishes her knowledge of the drug culture and how the distribution or possession with intent to distribute controlled substances works, as well as dispel any possible notion that she was mistaken as to the true nature of her co-conspirators' residence at her home." Government's Notice, p. 7. The Court finds these are permissible purposes under Rule 404(b) and also relevant to the present allegation against McDade. McDade's knowledge and absence of mistake are relevant to the element of intent in the conspiracy charge against McDade. Proceeding to the balancing required under Rule 403, the Court recognizes that McDade's involvement with marijuana is an uncharged crime involving a controlled substance not the subject of the present conspiracy. This fact presents potential for the confusion and the misleading of the jurors but it does not substantially outweigh the probative value of this evidence. Conspiracies by their nature begin with mutual understandings and an agreement made by each of its members. The Government must prove beyond a reasonable doubt that McDade joined this conspiracy knowingly and willfully and it is probative information for the jury to know the extent

4

of McDade's exposure to the world of the illegal sale of controlled substances. The circumstances of McDade's invitation to the conspiracy's manager, Consesor Cheatham, to reside in her home will no doubt be part of the Government's case-in-chief. McDade's interaction with Cheatham must be understood from the view of the universe of her knowledge; the jury's knowledge of McDade's awareness of the drug subculture and the manner of its sales operations is key to its understanding of her choices of action in her associations with Consesor Cheatham and other members of the alleged conspiracy. The Court finds that this probative value is not substantially outweighed by the potential for the information to be misleading or confusing despite the fact it will concern a period of time similar to that of the charged conspiracy. The alleged conspiracy only concerns powder and crack cocaine, not marijuana. Additionally, McDade is not charged with any separate distribution offenses for the cocaine that is the subject of this present conspiracy charge or for distribution of marijuana. This difference in the alleged acts and illegal substances will be evident to the jury when the Court introduces the indictment in its initial jury charge and its final jury charge and through the Government's case-in-chief (as described by its proffer). The Court finds the evidence presents no issues of unfair prejudice, undue delay, waste of time or presentation of cumulative evidence pursuant to Rule 403. Therefore, the Court finds the probative value of McDade's dealings in marijuana is not substantially outweighed by confusing issues or misleading members of the jury under Rule 403. Finally, the Court notes that it will charge the jury during the trial in accordance with Third Circuit Model Jury Instruction 2.23 regarding the limited nature and relevance of this Rule 404(b) evidence.

Second, the Government proposes introduction of evidence that McDade introduced a heroin supplier to a member or members of the charged conspiracy during the existence of the charged

5

conspiracy for the following purposes:

> Likewise, introducing and facilitating the connection between a heroin supplier and one
> of her charged co-conspirators during the time frame of the charged conspiracy further
> establishes her knowledge of the drug trafficking world and her motive and plan at being
> a paid facilitator between supplier and distributor. Likewise, the evidence of her heroin
> facilitation establishes her role as a facilitator in the charged conspiracy was not the
> product of some accident or innocent mistake on Ms. McDade's part.

Government's Notice, p. 7. The Government is attempting to prove through this prosecution that

McDade was "a paid facilitator". *Id.* Clearly these matters are relevant to prove McDade's alleged

facilitation for the conspiracy charged, but are not relevant to establish that she was a paid facilitator

in facilitating the flow of heroin between a supplier and a distributor. The heroin facilitator situation

would only be relevant to establishing McDade as a facilitator in the charged conspiracy. However, the

Court reads the Government's notice to indicate that it seeks to introduce evidence of the heroin

facilitation to establish in part that she facilitated a heroin trafficking. That would be an improper

purpose under Rule 404(b). However, to the extent that the Government will use this evidence to

demonstrate McDade's absence of mistake or accident as to the alleged facilitator role in the charged

conspiracy, or other proper purpose under Rule 404(b) such as plan, motive and knowledge about being

a "facilitator" as it relates to her participation in the present conspiracy, the evidence is used for a proper

purpose under Rule 404(b) and is relevant to the Government's case-in-chief. This evidence of

facilitating heroin distribution, like that of evidence of McDade's involvement with marijuana

distribution will not mislead the jury or present confusing issues as these actions concern a different

controlled substance than that present in the charged conspiracy. However, the knowledge, skills,

personal contacts and motivation to earn money through drug trafficking are similar among the two

6

instances of facilitation and thus these facts are probative of the alleged facilitation underlying the charge against McDade in the present indictment. The Court finds no basis that would substantially outweigh this probative value. As with the first area of evidence, the Court will instruct the jury in accordance Model Jury Instruction 2.23 at the time of introduction of this "facilitator" evidence.

Third, the Government seeks to introduce the discovery of cocaine and heroin found buried within McDade's back yard at 1070 Jacoby Street. While this evidence could be used for more than one of the proper uses under Rule 404(b), it is unclear from the Government's Notice for which purposes the Government seeks to introduce this evidence. Furthermore, until the Government proves that McDade was aware of this cocaine and heroin buried in her back yard, it cannot be proven to be relevant to her role in the charged conspiracy as it is possible that other conspirators secreted this evidence without McDade's knowledge. Therefore, this evidence is excluded from trial without prejudice to the Government to satisfy the four prerequisites for Rule 404(b) evidence at the time of trial.

Finally, the fourth area in which the Government seeks to introduce Rule 404(b) evidence is McDade's attempt to run over a co-defendant which is intended to prove McDade's "knowledge, intent, and absence of mistake as to her [McDade's] role in the charged conspiracy." Government's Notice, p. 8. As alleged in the Government's Notice, McDade threatened that "she...was going to run the co-defendant over with her car since the co-defendant, as well as another co-defendant, were snitches. The co-defendant will also testify that Ms. McDade then came very close to hitting the co-defendant and her 6-year old cousin with the vehicle Ms. McDade was driving." Government' Notice, pp. 3-4. Clearly the purposes for which this evidence will be offered are proper under Rule 404(b); second they are

7

relevant to proving her alleged role in the conspiracy as McDade's remarks about striking the co-conspirator with a vehicle are tied to the co-conspirator's actions in cooperating with the Government with respect to the indictment. Evaluating the admissibility of McDade's alleged acts under Rule 403, the balance favors admitting the evidence. There are no concerns with regard to unfair prejudice as McDade's alleged act related to the co-conspirator's cooperation with the Government in the present case. If the facts of the scenario were changed to indicate that McDade attempted this act upon someone she did not know and who was not charged in the indictment and who was accompanied by a six year old child, such a bad act would clearly be unfairly prejudicial (in addition to being irrelevant) as the act would motivate the jury to convict McDade for a clearly bad act that is unrelated to the charged offense. However, this is not the scenario before the Court. McDade is alleged to have made a statement in the nature of a threat and attempted to follow through with that threat because of her alleged association with a conspiracy whose members were cooperating in the Government's prosecution. Therefore, this evidence satisfies any challenge to a claim of unfair prejudice under *Old Chief v. United States*, 519 U.S. 172, 180, 117 S.Ct. 644, 650 , 136 L.Ed.2d 574, 587-588 (1997)("The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). Additionally, the Court does not find that admission of this evidence will cause "undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. This evidence is also without potential to confuse issues unlike the heroin facilitation or marijuana dealing evidence as that evidence concerns distribution acts with other illegal substances, the evidence of the alleged threat and attempted striking of a co-conspirator are separate and apart from evidence and issues

8

related to the actions of the conspiracy. Finally, the evidence appears to present little potential to mislead the jury as McDade's alleged attempt at assaulting or killing the co-conspirator is tied to her alleged verbal threat to do the same because the co-conspirator was a "snitch". If the only evidence available was the fact that McDade allegedly attempted to strike the co-conspirator and her six year old cousin with a vehicle without an indication as to the motivation behind her actions, that evidence alone would tend to be misleading. However, the Government's evidence of McDade's alleged motivation removes this from being misleading and having the jury concern itself with matters afield from the charged conspiracy. Therefore, the Court finds that the probative value of McDade's alleged threat and actions thereafter is not substantially outweighed by any possible considerations set forth in Rule 403. Lastly, the Court will of course instruct the jury as to this evidence at trial with Model Jury Instruction 2.23 to explain the limited purpose for which it will be admitted.

An appropriate Order follows.

9

**AND NOW**, this 6th day of June, 2008, based upon the Government's Notice of Intention to Use Rule 404(b) Evidence in response to the Court's Memorandum Opinion and Order of Court dated February 1, 2008 (Document No. 329) which granted Defendant McDade's Supplemental Motion *in Limine*, Defendant's Objections to Notice of 404(b) Evidence (Document No. 314) without prejudice to the Government to explain the relevancy of its Rule 404(b) evidence, and the Government having explained that relevancy in its Notice filed at Document Number 329, IT IS HEREBY ORDERED THAT the Government may introduce its proffered Rule 404(b) evidence at trial in the following areas: Defendant McDade's dealings with marijuana, facilitation of heroin distribution as it is relevant to proving her role as a facilitator in the charged conspiracy and her threat to strike and attempt to strike a co-conspirator and her cousin with a vehicle as more fully explained in the accompanying Memorandum Opinion; IT IS FURTHER ORDERED THAT the Government may not introduce at trial evidence of buried illegal substances at Defendant McDade's property without prejudice to the Government being permitted to do so at trial after it has proven that Defendant McDade was aware of the presence of illegal substances buried in her yard and otherwise satisfies the four part analysis for the admission of Rule 404(b) evidence in this Circuit as more fully stated in the accompanying Memorandum Opinion.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**